## Mullins v. Watkins.

(Decided February 14, 1912.)

Appeal from Breathitt Circuit Court.

1. Vendor Holding Unrecorded Deed—Estoppel to Rescind Trade.— The vendor who holds an unrecorded deed, having procured his

vendee to accept a deed from his vendor promising to destroy the deed he held, is estopped to set up his deed against his vendee. But the latter having abandoned his purchase and received from the vendor the price he paid upon an agreement to rescind the trade, is estopped after long delay to set up his deed against the vendor; and the estoppel against the estoppel sets the matter at large.

2.  Vendee—Consideration Returned—Estoppel to Recover Property. —A vendee who has abandoned his purchase and received back the consideration will not be allowed to recover the property after the lapse of many years and a change in the value of the property.

3.  Infancy as a defense must be pleaded.

J. J. C. BACH, GRANNIS BACH and KASH & KASH for appellant.

REDWINE & PATTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

The facts of this controversy are these: Jack Howard, Jasper Mullins and Clay Watkins are brothers-in-law. On December 4, 1900, Howard in consideration of $100 conveyed to Mullins a tract of 75 acres of land in Breathitt County. Before Mullins had his deed recorded and while he was living upon the land, he sold the land to Clay Watkins for a young mule, a heifer and $25.00 in money which Watkins paid him. It was then agreed between all three that to save the cost of recording two deeds, Mullins would destroy the deed that Howard had made him and that Howard should execute a new deed to Watkins. The deed was accordingly made by Howard to Watkins on November 21, 1902, but after the deed was made Mullins declined to give Watkins possession of the land, and had his deed from Howard recorded. Watkins also had his deed recorded and brought a suit against Mullins to recover the land. At the next term of the Breathitt Circuit Court on motion of Watkins, the action was filed away and Watkins then went to Howard and got back from him the mule which he had given him, and Mullins returned to him the $25.00 in money, it being agreed between them that Mullins should keep the heifer for wintering the mule. Watkins then sold the mule to another and acquiesced in Mullins holding the land until February 7, 1910, when he brought this suit against him to recover it. Mullins filed an an-

swer and proof was taken which showed these facts. The Circuit Court entered judgment in favor of Watkins and Mullins appeals.

While it is true that the title to the land was in Mullins and that he signed no writing by which he sold the land to Watkins, he procured Howard to make the deed to Watkins, and procured Watkins to accept the deed. He would therefore be estopped to deny Watkins' title if nothing more appeared. But Watkins after bringing his action against Mullins to recover the land voluntarily dismissed it, and then obtained from Mullins the mule and the money which he had paid. He denies that he agreed that Mullins should keep the heifer, but the circumstances sustain Mullins' version of the agreement between them. When he took back the consideration which he paid for the land, agreeing to rescind the trade and abandoning all claim to the land for seven years, he is estopped by his conduct no less than Mullins was estopped by his conduct. The rule is that an estoppel againt an estoppel sets the matter at large. (16 Cyc. 748.) It would be palpably inequitable after Watkins for seven years had abandoned his purchase to allow him to retract the election he then made after the land has greatly increased in value, and, after he has enjoyed the consideration which he took back from Mullins. The real cause of this suit is that land in the last few years has increased very much in value, and Watkins now finds that it is to his interest to claim the land. If the land had gone down in price this suit would never have been brought. He cannot be allowed to take advantage in the rise in price of the land when he was under no obligation to take it if the land had fallen in price.

It is insisted, however, that at the time these transactions occurred Watkins was an infant and that for this reason the estoppel does not apply. But Watkins did not plead his infancy. Infancy to be available must be pleaded. The judgment must be given under the pleadings. Section 386 of the Code provides:

"Judgment shall be given for the party whom the pleadings entitle thereto, though there may have been a verdict against him."

There is nothing in the record to show that Watkins was an infant at the time of these transactions except his statement as to his age in giving his deposition. This statement shows that he was of age when he brought

this suit, but that he was not of age seven years before. We cannot consider this fact as it was not pleaded. (Newman on Pleading, Sec. 424d.)

Judgment reversed and cause remanded with directions to the Circuit Court to enter a judgment dismissing the petition.